**UNITED STATES DISTRICT COURT
DISTRICT OF MINNSOTA**

---

Michael D. Benson,  Case No. 16-cv-509 (DWF/TNL)

    Plaintiff,

v.

Ron Fischer, Group Supervisor/Officer of
the Day, et al.,

    Defendants.[1]

---

Michael D. Benson,  Case No. 17-cv-266 (DWF/TNL)

    Plaintiff,

v.

Emily Johnson Piper, Commissioner of the
Dept. of Human Services, et al.,

    Defendants.

---

# ORDER

---

Michael D. Benson, MSOP, 1111 Highway 73, Moose Lake, MN 55767 (pro se Plaintiff); and

Aaron Winter and Ralph John Detrick, Assistant Attorneys General, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128 (for Defendants[2]).

---

[1] *Benson v. Piper*, No. 17-cv-266 (DWF/TNL), 2017 WL 4220446, at *1 n.2 (D. Minn. Sept. 21, 2017) (stating Case No. 16-cv-509 should be referred to as *Benson v. Fischer* going forward "to reflect the dismissal of Defendant Emily Johnson Piper").

[2] Assistant Attorney General Winter has entered an appearance only in Case No. 16-cv-509. Assistant Attorney General Detrick has entered an appearance in both matters.

## I. INTRODUCTION

This matter comes before the Court on identical motions to consolidate and amend filed by Plaintiff in *Benson v. Fischer et al.*, Case No. 16-cv-509 (DWF/TNL) (ECF Nos. 55, 56), and *Benson v. Piper et al.*, Case No. 17-cv-266 (DWF/TNL) (ECF Nos. 60, 61).

## II. BACKGROUND

Plaintiff is involuntarily committed to the Minnesota Sex Offender Program ("MSOP") run by the State of Minnesota's Department of Human Services. (*See, e.g.*, Compl. ¶ 1, ECF No. 1 in No. 17-cv-266.)

### A. ID Lawsuit

In 2016, Plaintiff filed a lawsuit (the "ID Lawsuit") challenging the identification badges MSOP requires its clients to wear and alleging that he was retaliated against when he violated the badge policy by, among other things, being denied food, being handcuffed, and being subject to an unnecessary strip search. *See generally Benson v. Piper*, No. 16-cv-509 (DWF/TNL), 2016 U.S. Dist. LEXIS 190502 (D. Minn. Dec. 8, 2016) [hereinafter *Benson I*], *adopting report and recommendation as modified*, 2017 U.S. Dist. LEXIS 158017 (D. Minn. Mar. 31, 2017) [hereinafter *Benson II*].

The ID Lawsuit was brought against 15 defendants in their individual and official capacities.[3] *See generally id.* The ID Lawsuit defendants filed motions to dismiss under

---

[3] Emily Johnson Piper, Commissioner of the Department of Human Services; Ron Fischer, Group Supervisor/Officer of the Day; Scott Benoit, Program Manager; Andrea Kosloski, Unit 1-B Director; Doug Wilson, Primary Therapist; Dr. Debbie Thao, Clinical Supervisor; Kyle Randa, Security Counselor Lead; Scott Gianinni, Security Counselor Lead; Vaughn Thompson, Security Counselor; Jesse Pruette Security Counselor; P. Jay Siltanen, Security Counselor; Robert Gresczyk, Jr., Security Counselor; Wendy McGowan, Security Counselor; Tayah Johnson, Security Counselor; and Nathan Madsen, Security Counselor.

Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. *Id.* at *2. Upon resolution of the motions to dismiss, the following claims remained in the ID Lawsuit: Fourth Amendment search and seizure based on placement in MSOP's High Security Area ("HSA"), being handcuffed, and undergoing a strip search; Fourteenth Amendment procedural due process based on being detained in the HSA without adequate process; and Fourteenth Amendment substantive due process relating to the denial of food for three days. *Benson II*, 2017 U.S. Dist. LEXIS 158017, at *9-12; *Benson I*, 2016 U.S. Dist. LEXIS 190502, at *22-24. Defendant Emily Johnson Piper was dismissed from the ID Lawsuit as Plaintiff had not adequately pleaded her personal involvement; all of the other ID Lawsuit defendants remained. *Benson II*, 2017 U.S. Dist. LEXIS 158017, at *12. Subsequently, the ID Lawsuit was stayed based on related litigation pending in *Karsjens v. Piper*, Case No. 11-cv-3659 (DWF/TNL). (ECF No. 53 in No. 16-cv-509.)

**B. Retaliation Lawsuit**

In 2017, Plaintiff filed a separate lawsuit ("Retaliation Lawsuit"), alleging that he had been retaliated against in various ways based on the filing of the ID Lawsuit. *Benson v. Piper*, No. 17-cv-266 (DWF/TNL), 2017 WL 4221105, at * 1 (D. Minn. July 31, 2017), *adopting report and recommendation*, 2017 WL 4220446 (D. Minn. Sept. 21, 2017). The Retaliation Lawsuit named nearly 40 defendants in their individual and official capacities,[4]

---

[4] Emily Johnson Piper, Commissioner of the Department of Human Services; Shelby Richardson, MSOP Director; Kevin Moser, Facility Director; Terry Kniesel, Assistant Facility Director; Steve Sadjak, Assistant Facility Director; Rich O'Conner, Supervisor; Steve Sayovitz, Supervisor; Ron Fischer, Supervisor; Nate Johnson, Supervisor; Mike Goeglein, Supervisor; Scott Benoit, Program Manager; Lori Aldrin, Officer of the Day; Julianna Beavens, Officer of the Day; Ryan Fahland, Assistant Supervisor; Randy Gordon, Assistant Supervisor; Andrea Kosloski, Unit 1-B Director; Brian Ninneman, Unit 1-C Director; Robert Rose, Unit 1-C Director; Kathryn Schesso, Clinical Supervisor; Jana Korby, Clinical Supervisor; Tara Osbourne, Clinical Supervisor; Nicole Vaineo, Clinical Therapist; Kyle Randa, Security Counselor Lead; Elizabeth Wyatt, Security Counselor Lead; Derrick Koecher, Security

3

and encompassed at least 25 separate incidents of purported retaliation between June and December 2016. (*See generally* Compl., ECF No. 1 in No. 17-cv-266.) Eight of the Retaliation Lawsuit defendants overlapped with the ID Lawsuit defendants.[5] As best as the Court is able to tell, Plaintiff's claims in the Retaliation Lawsuit can generally be summarized as follows: First Amendment claims for retaliation, free exercise of religion, and defamation based on false behavior reports; Fourth Amendment claims for unreasonable searches and seizures based on a search of his room, strip searches of his person, and placement in more restrictive settings; and Fourteenth Amendment claims for procedural and substantive due process violations based on his placement in more restrictive settings. Plaintiff also raised tandem claims under the Minnesota Constitution. The Retaliation Lawsuit defendants also filed a motion to dismiss under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (ECF No. 24 in No. 17-cv-266.) Before the motion was ruled on, however, the Retaliation Lawsuit was also stayed pending the *Karsjens* litigation. (ECF No. 56 in No. 17-cv-266.)

**C. Lifting of the *Karsjens* Stay & Post-Stay Motions**

On October 22, 2018, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, ordered that the stays previously

---

Counselor Lead; Scott Gianinni, Security Counselor; Brennan Shorter, Security Counselor; Blake Carey, Security Counselor; Gordon Huhta, Security Counselor; Robert Grescyzk, Jr., Security Counselor; Wendy McGowan, Security Counselor; Barry Giersdorf, Security Counselor; Chris St. Germain, Security Counselor; Jordan Goodman, Security Counselor; Sam Brindamor, Security Counselor; Bruce Lind, Security Counselor; Travis Cowell, Security Counselor; Jenny Collelo, Security Counselor; and Paul Michelizzi, Security Counselor.
[5] Emily Johnson Piper, Ron Fischer, Scott Benoit, Andrea Kosloski, Kyle Randa, Scott Gianinni, Robert Gresczyk, Jr., and Wendy McGowan.

4

imposed in these matters be lifted. (ECF No. 54 in No. 16-cv-509; ECF No. 59 in No. 17-cv-266.)

On November 7, 2018, Plaintiff filed the subject motions. In his "Motion[s] to Consolidate," Plaintiff requests that the ID Lawsuit and the Retaliation Lawsuit be consolidated into a single case. (ECF No. 55 in No. 16-cv-509; ECF No. 60 in No. 17-cv-266.) In his "Motion[s] for Leave to Amend Complaint," Plaintiff requests leave to file an amended consolidated complaint for both cases in connection with his motions to consolidate. (ECF No. 56 in 16-cv-509; ECF No. 61 in 17-cv-266.) The ID Lawsuit and Retaliation Lawsuit defendants oppose both consolidation and leave to amend. (ECF No. 59 in No. 16-cv-509; ECF No. 63 in No. 17-cv-266.)

### III. ANALYSIS

#### A. Motions to Consolidate

Under Rule 42 of the Federal Rules of Civil Procedure, a district court may consolidate cases involving a common question of law or fact. Fed. R. Civ. P. 42(a)(2); *see Equal Emp't Opportunity Comm'n v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) ("All claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay . . . ."); *Enter. Bank v. Saettele*, 21 F.3d 233, 236 (8th Cir. 1994) ("[A] common issue of law or fact is a prerequisite to consolidation."). Factors to consider when deciding whether to consolidate multiple cases include:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude

> multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (alteration in original) (quoting *Cantrell v. GAF*, 999 F.2d 1007, 1011 (6th Cir. 1993)); *see Horizon Asset Mgmt. Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009) (consolidation not an abuse of discretion where "actions involved common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself did not cause unfair prejudice"). "Consolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *HBE Corp.*, 135 F.3d at 551. "The party seeking consolidation bears the burden of showing that it would promote judicial convenience and economy." *Osman v. Weyker*, No. 16-cv-908 (JNE/JSM), 2016 WL 10402791, at *3 (D. Minn. Nov. 21, 2016) (quotation omitted). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

The ID Lawsuit and Retaliation Lawsuit defendants object to Plaintiff's request for consolidation based on the pending motion to dismiss in the Retaliation Lawsuit. Courts have concluded that consolidation is premature when motions to dismiss are pending. *Osman*, 2016 WL 10402791, at *3 (citing cases). Today, the undersigned has issued a report and recommendation on the motion to dismiss in the Retaliation Lawsuit, recommending that some of Plaintiff's claims survive and others be dismissed. (ECF No. 65 in No. 17-cv-266.) While the Retaliation Lawsuit defendants' motion to dismiss is pending, it would be premature to consolidate these cases. *See Osman*, 2016 WL 10402791, at *3.

It is true that the ID Lawsuit and the Retaliation Lawsuit share some common defendants, some of the facts in the two cases appear to be intertwined, and there appear to be some similar questions of law in each. Notwithstanding a certain degree of overlap, the Court is not persuaded at this juncture that consolidation of these cases will increase efficiency. Based on the number of defendants involved and incidents at issue, consolidation may actually lead to confusion of the issues.

Moreover, it is not clear from Plaintiff's motions how he intends to bring these two cases together. As discussed in greater detail below, Plaintiff has moved for leave to file an amended complaint consolidating these lawsuits, but did not include a copy of the proposed pleading.

The Court recognizes that Plaintiff is attempting to increase efficiency by consolidating these cases. At this stage, however, with a pending motion to dismiss, any request for consolidation is premature. Therefore, the Court will deny Plaintiff's motions to consolidate without prejudice.

**B. Motions to Amend**

Plaintiff has also moved for leave to amend, asserting that "[b]y virtue of time and new case law that governs the issues in these complaints[,] it would benefit both the court, defendants and Plaintiff to . . . [file a] newly consolidated complaint." (ECF No. 56 at 2; *accord* ECF No. 61 at 2.) Plaintiff did not include a copy of the proposed amended pleading with his motions to amend. *See* D. Minn. LR 15.1(b) ("Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining,

7

strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading.").

With the exception of amendments as a matter of course, the Federal Rules of Civil Procedure permit a party to "amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rules further provide that leave shall be freely given "when justice so requires." *Id.* There is, however, no absolute right to amend and a finding of undue delay, bad faith, dilatory motive, undue prejudice to the non-moving party, or futility may be grounds to deny a motion to amend. *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005). "The decision whether to grant leave to amend rests in the discretion of the trial court." *Hanson v. M & I Marshall & Isley Bank*, 737 F. Supp. 2d 988, 990 (D. Minn. 2010). "[A] district court does not abuse its discretion in denying leave to amend where the plaintiff 'made no motion for leave to amend and did not explain the substance of his proposed amendment.'" *United States ex rel. Ambrosecchia v. Paddock Labs., LLC*, 855 F.3d 949, 956 (8th Cir. 2017) (quoting *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006)).

While Plaintiff has filed motions for leave to amend, he has not explained the substance of his proposed amendment(s). Plaintiff has not articulated with any sort of specificity how he seeks to amend the complaints in these cases, or consolidate them into a single case. And, Plaintiff has not complied with Local Rule 15.1, which requires that any motion to amend include a copy of the proposed amended pleading *and* "a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading

8

differs from the operative pleading." D. Minn. LR 15.1(b). Plaintiff's pro se status does not excuse him from following the Federal Rules of Civil Procedure and Local Rules of this Court. *See Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Oprenchak v. Am. Family Mut. Ins. Co.*, No. 11–cv–425 (PJS/TNL), 2012 WL 1247216, at *15 (D. Minn. Mar. 26, 2012) ("Plaintiff's pro se status does not excuse him from following the Federal Rules of Civil Procedure and Local Rules of this Court."), *adopting report and recommendation*, 2012 WL 1253011 (D. Minn. Apr. 13, 2012). Based on the foregoing, the Court will deny Plaintiff's motions to amend without prejudice. Plaintiff may bring a proper motion to amend in the future if he wishes to do so. This way, Plaintiff can present all of his proposed amendments in an organized fashion.

Plaintiff is cautioned that any future motion to amend must comply with Local Rule 15.1 Plaintiff is further cautioned that any proposed amended complaint must meet the following requirements:

1. The proposed amended complaint must be an entirely new pleading that fully supersedes, and does not merely supplement, the original complaint.

2. The proposed amended complaint must clearly identify each defendant that Plaintiff is attempting to sue, specifying whether the defendant is being sued in his or her personal capacity, official capacity, or both.

3. The proposed amended complaint must include a complete and coherent description of the historical facts on which Plaintiff's lawsuit is based.

4. The proposed amended complaint must clearly describe what, specifically, each named defendant actually did (or failed to do) that allegedly violated Plaintiff's rights under federal law.

5. The proposed amended complaint must clearly describe the specific relief that Plaintiff is seeking against each defendant.

In sum, any proposed amended pleading must describe the specific factual and legal bases for the claims in a clear, complete, and well-organized fashion.

### IV. ORDER

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's "Motion to Consolidate" (ECF No. 55) and "Motion for Leave to Amend Complaint" (ECF No. 56), filed in *Benson v. Fischer et al.*, Case No. 16-cv-509 (DWF/TNL), are **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's "Motion to Consolidate" (ECF No. 60) and "Motion for Leave to Amend Complaint" (ECF No. 61), filed in *Benson v. Piper et al.*, Case No. 17-cv-266 (DWF/TNL), are **DENIED WITHOUT PREJUDICE**.

Date: January  25 , 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Benson v. Fischer et al.*
Case No. 16-cv-509 (DWF/TNL)

*Benson v. Piper et al.*
Case No. 17-cv-266 (DWF/TNL)