# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael D. Benson, | Case No. 17-cv-266 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Emily Johnson Piper, Comm. of the Dept. of Human Services, et al., | |
| Defendants. | |

Michael D. Benson, MSOP, 1111 Highway 73, Moose Lake, MN 55767 (pro se Plaintiff); and

Ralph John Detrick, Assistant Attorney General, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128 (for Defendants).

This matter comes before the Court on pro se Plaintiff Michael D. Benson's Motion for Leave to Amend Complaint (ECF No. 89). For the reasons that follow, Plaintiff's motion is denied.

## I. BACKGROUND

On April 11, 2019, the Court issued a Pretrial Scheduling Order in this matter, setting forth certain deadlines. (*See generally* Pretrial Sch. Order, ECF No. 80.) In relevant part, the Pretrial Scheduling Order provided that motions to amend the pleadings or add parties were due by June 14, 2019. (Pretrial Sch. Order ¶ 2.) Fact discovery closed in this matter on September 13, 2019. (Pretrial Sch. Order ¶ 1.)

Plaintiff filed the instant motion more than three months after the deadline for motions to amend the pleadings and approximately two weeks after discovery closed. (*See generally* ECF Nos. 89-90.) Plaintiff seeks leave to (1) add additional defendants allegedly involved in the events

1

at issue that he became aware of during discovery; (2) augment factual allegations regarding alleged infringement of his religious freedom and replead a previously dismissed claim under the First Amendment; and (3) bring claims against Dr. Jennifer Tippett based on a 2017 Sexual Violence Risk Assessment she performed on him and her testimony during a 2018 hearing to determine whether he should be discharged from his civil commitment.[1]

## II. ANALYSIS

As stated above, Plaintiff's motion to amend comes well after the deadline for amending the pleadings set forth in Pretrial Scheduling Order. "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Accordingly, Plaintiff must show good cause in order to be given leave to amend. *Kmak v. Am. Century Cos.*, 873 F.3d 1030, 1034 (8th Cir. 2017); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's deadline. *Kmak*, 873 F.3d at 1034; *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014). Courts "focus in the first instance (and usually solely) on the diligence of the party" seeking the modification. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (quotation omitted); *accord Harris*, 760 F.3d at 786. "The 'good cause' standard is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Khoday v. Symantec Corp.*, No. 11-cv-180 (JRT/TNL), 2013 WL 12141434, at *2 (D. Minn. May 15, 2013) (quotation omitted).

---

[1] To the extent Plaintiff's motion to amend seeks leave to dismiss certain defendants from this litigation, the Court takes no action. Indeed, there is no action for the Court to take. These defendants are no longer part of this litigation by operation of the district court's Order Adopting Report and Recommendation (ECF No. 76), dated March 22, 2019.

It bears emphasizing that

> [t]he good cause standard is not applied to an untimely motion to amend out of a devotion to formalism; rather, it is designed to foster timely and efficient resolution of disputes and ensure accessibility to the courts. Allowing a party to bring a motion to amend outside the applicable scheduling order's deadline without showing that the party diligently tried but was unable to comply with that deadline would potentially undermine these fundamental principles of our civil justice system.

*Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1006-07 (D. Minn. 2013); *see Sherman*, 532 F.3d at 716 ("To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) would render scheduling orders meaningless and effectively read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." (quotation omitted)).

Plaintiff did not reference the expired deadline or Rule 16(b)'s good-cause standard in his motion. Nor has Plaintiff provided any explanation as to why the motion was filed after the deadline or otherwise attempted to show good cause for the late filing. This failure alone warrants denial of his motion to amend. *See Harris*, 760 F.3d at 786 ("A district court acts within its discretion in denying a motion to amend which made no attempt to show good cause." (quotation omitted)). To the extent Plaintiff's complaints over Defendants' discovery responses could be construed as trying to show good cause, Plaintiff does not connect any purported discovery deficiencies with the timing of his motion.[2]

Further, based on what the Court is able to glean from the motion itself, Plaintiff was not diligent in attempting to meet the June 14 deadline with respect to the proposed amendments. As for Plaintiff's proposed First Amendment claim and claims against Dr. Tippet, the events forming

---

[2] Moreover, as the Court has already explained on at least two occasions in another matter currently be litigated by Plaintiff, this is not the proper way to address discovery disputes. *Benson v. Fischer*, No. 16-cv-509 (DWF/TNL) (Order at 1 n.1, May 16, 2019, ECF No. 77), (Order at 18-19, Aug. 6, 2019, ECF No. 81).

the basis of these claims took place between 2016 and 2018.  These facts were therefore known to Plaintiff and in his possession well before the deadline to amend the pleadings.  Notably, Plaintiff had nearly three months between the dismissal of his First Amendment claim and the deadline for motions to amend the pleadings in which he could have sought leave to amend.  Plaintiff has not proffered any explanation as to why he failed to do so.  *See Hartis*, 694 F.3d at 948 ("Where there has been no change in the law, no newly discovered facts, or any other changed circumstance after the scheduling deadline for amending pleadings, then we may conclude that the moving party has failed to show good cause." (quotation omitted)); *see also Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003).

Similarly, as for the additional defendants allegedly involved in the events at issue, Plaintiff has proffered no explanation as to why he did not seek leave to amend to add these individuals sooner.  Plaintiff states that he discovered the identities of these individuals through discovery.  Defendants state that they served responses to Plaintiff's interrogatories by mail on June 10, approximately four days before the deadline for amending the pleadings.  The exact date on which Plaintiff received Defendants' responses is not clear from the record.  Nevertheless, there is no explanation apparent in the record as to why Plaintiff waited so long to seek leave to amend to add these individuals once he became aware of their possible involvement.  *See Target Corp.*, 960 F. Supp. 2d at 1007 ("In other words, just because Target did not know certain information until later does not necessarily constitute good cause for allowing it leave to amend the complaint after the deadline."); *see also Freeman*, 349 F.3d at 589.  Further, fact discovery has closed.  Permitting Plaintiff to add defendants at this stage of the proceedings would result in additional discovery and increased delay, prejudicing Defendants.

Therefore, because Plaintiff has failed to show good cause for filing his motion to amend outside the deadline set forth in the Pretrial Scheduling Order, the motion is denied.

### III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 89) is **DENIED**.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: November 6, 2019

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Benson v. Johnson Piper et al.*
Case No. 17-cv-266 (DWF/TNL)