UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael D. Benson,  Civil No. 17-266 (DWF/TNL)

        Plaintiff,

v.  MEMORANDUM
OPINION AND ORDER

Jodi Harpstead[1], *Comm. of the Dept.
of Human Services*, *et al.*,

        Defendants.

---

Michael D. Benson, *pro se.*

Ralph John Detrick, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Defendants.

# INTRODUCTION

This matter is before the Court on Plaintiff Michael D. Benson's ("Benson") *pro se* Rule 60 Motion to Vacate this Court's order and judgment adopting Magistrate Judge Tony N. Leung's July 29, 2020 Report and Recommendation.[2] (Doc. No. 148

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Jodi Harpstead, in her official capacity as the current commissioner of the Department of Human Services, is automatically substituted for former commissioner Emily Johnson Piper. Fed. R. Civ. P. 25(d).

[2] The Court grants deference to Benson as a *pro se* litigant and construes his Motion liberally. *United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

("Motion").) Defendants oppose Benson's Motion. (Doc. No. 149 ("Def. Opp.").) For the reasons set for the below, the Court respectfully denies Benson's Motion.

## BACKGROUND

The factual background for the above-entitled matter is clearly and precisely set forth in the July 29, 2020 Report and Recommendation (Doc. No. 141 ("Report and Recommendation")) and is incorporated by reference herein. In brief, Benson is involuntarily committed to the Minnesota Sex Offender Program ("MSOP"). In January 2017, Benson brought this action against officers and employees of the Minnesota Department of Human Services under 42 U.S.C. § 1983, asserting numerous violations of his civil rights. (*See generally*, Doc. No. 1.) After dispositive motion practice, Benson's remaining claims included a First Amendment Retaliation claim, a Fourth Amendment claim based on unclothed visual body searches, and a Fourteenth Amendment procedural due process claim based on placement in the MSOP's High Security Area ("HSA"). (Report and Recommendation at 31-48.)

Defendants filed a motion for summary judgment on the remaining claims in November 2019. (Doc. Nos. 95.) On July 29, 2020, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted, and that Benson's claims be dismissed. (Report and Recommendation at 49.) Benson did not file an objection to the Magistrate Judge's recommendation that his claims be dismissed. This Court adopted the Report and Recommendation in its entirety on August 19, 2020 and entered judgment the next day. (Doc. Nos. 145 ("Order"), 147 ("Judgment").) Benson did not file an appeal.

Benson now moves this Court to vacate its Order and Judgment pursuant to Fed. R. Civ. P. 60 based on the Eighth Circuit's recent decision in *Karsjens v. Lourey*, 988 F.3d 1047 (8th Cir. 2021).[3] (*See generally* Motion.) He claims that the Judgment should be vacated because *Karsjens* changed the law by making the "shocks the conscience" standard inapplicable to his claims. (*Id*.) Benson asserts that he consistently argued that the "shocks the conscience" standard was inappropriate, and that *Karsjens* shows that he was correct.[4] (*Id.* at 3-9.)

## DISCUSSION

Rule 60(b) enumerates specific circumstances in which a party in a civil case may receive relief from final judgment. Fed. R. Civ. P. 60(b). The reasons include mistake, newly discovered evidence, and fraud, among others. *Id.* The Rule concludes with a catchall provision which provides that a court may lift judgment for "any other reason

---

[3] In *Karsjens*, the Eighth Circuit found that because civilly committed individuals may not be subject to punishment, Fourteenth Amendment substantive due process claims alleging punitive conditions of confinement should not be addressed under the "shocks the conscience" standard. 988 F.3d at 1053-54. The Eighth Circuit directed that the appropriate standard for such claims is to determine whether the conditions were "'imposed for the purpose of punishment or whether [they were] but an incident of some other legitimate governmental purpose'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979).) Henceforth, the Court refers to this standard as the *Bell* standard.

[4] Benson appears to conflate the "deliberate indifference" standard with the *Bell* standard. (*See, e.g.*, Motion at 10.) While *Karsjens* did find that the "deliberate indifference" standard should be applied to claims of inadequate medical care, it directed that claims related to punitive conditions of confinement be addressed under the *Bell* standard. *Karsjens*, 988 F.3d at 1054. Here, Benson's only claim analogous to the punitive conditions of confinement claims in *Karsjens* is his Fourteenth Amendment claim based on his HSA placements. As discussed below, the Magistrate Judge already addressed this claim under the *Bell* standard.

that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b) vests wide discretion in the courts," but "relief under Rule 60(b)(6) is available only in extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (internal quotation marks and citation omitted). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors." *Id.* at 778. Still, relief under Rule 60(b)(6) is "exceedingly rare as it requires an 'intrusion into the sanctity of final judgment.'" *Doe v. Tsai*, Civ. No. 08-1198 (DWF/AJB), 2010 WL 11643581, *3 (D. Minn. Dec. 9, 2010) (quoting *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007). "The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation marks and citation omitted).

Benson does not specify the provision of Rule 60(b) under which he seeks relief. Because his Motion stems from his claim that *Karsjens* changed the law applicable to his case, the Court construes his Motion under the catchall provision in Rule 60(b)(6). *See Kansas Pub. Emps. Ret. Sys. v. Reimer & Kroger Associates*, 194 F.3d 922, 925 (8th Cir. 1999) (construing claim that change in law warranted relief from judgment under Rule 60(b)(6)).

Defendants argue that Benson's Motion should be denied because "any change in the law effected by *Karsjens* is not an exceptional circumstance warranting relief under Rule 60(b)(6)." (Def. Opp. at 3-6.) Defendants also argue that even if a change in law were an exceptional circumstance, *Karsjens* has no bearing on the judgment in this case

4

because the Magistrate Judge did not apply the "shocks the conscience" standard to any of Benson's claims. (*Id.* at 6.) The Court agrees.

As discussed above, motions granted under Rule 60(b) are exceedingly rare, and those under Rule 60(b)(6) require a showing of extraordinary circumstances. *Buck*, 137 S. Ct. at 778.[5] Here, Benson correctly points out a change in law with respect to the standard applicable to Fourteenth Amendment substantive due process claims alleging punitive conditions of confinement. The Court finds that this reason alone though, is insufficiently extraordinary to vacate its Judgment. "Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance." *Kansas Pub. Emps. Ret. Sys.*, 194 F.3d at 925. This is because "[s]ociety's powerful countervailing interest in the finality of judgments simply requires that each case have an end, though the law continues to evolve."[6] *Id.* !

Moreover, even if a change in law were sufficiently extraordinary under Rule 60(b)(6), the Court finds that the decision in *Karsjens* would not affect the Judgment in this case because the Magistrate Judge did not dismiss any of his claims

---

[5] The Eighth Circuit has held that Relief under Rule 60(b)(6) is available "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley*, 413 F.3d at 871. Here, the record reflects that Benson had ample opportunity to litigate his claims fully and fairly.

[6] Importantly, Rule 60(b) is not intended to substitute for a timely appeal. *United States v. Mosbrucker*, 340 F.3d 664, 665 (8th Cir. 2003). Benson did not object to the Report and Recommendation dismissing his claims, nor file a timely appeal. He may not now rely on Rule 60(b) to advance arguments he fully litigated, lost on the merits, and declined to appeal.

under the "shocks the conscience" standard. (*See generally*, Report and Recommendation.) As noted above, Benson's only claim analogous to the punitive conditions of confinement claims in *Karsjens* is his Fourteenth Amendment due process claim based on his HSA placements. Importantly, Magistrate Judge Leung already addressed this claim under the *Bell* standard and dismissed it because he found that the placements were reasonably related to the legitimate governmental of maintaining security and order at the MSOP. (Report and Recommendation at 38-42.) Thus, the Court finds that the recent *Karsjens* decision has no impact on the Judgment in this case.

## CONCLUSION

For the reasons set forth above, the Court finds that a change in law is an insufficiently extraordinary reason to vacate Benson's sentence under Rule 60(b)(6). Even if it were, the Court finds that the relevant change in law does not affect Benson's case because his Fourteenth Amendment claim was already dismissed under the correct standard. Therefore, Benson's motion is respectfully denied.

## ORDER

Based on the files, record, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff Michael D. Benson's *pro se* Rule 60 Motion to Vacate this Court's order and judgment adopting Magistrate Judge Tony N. Leung's July 29, 2020 Report and Recommendation ([Doc. No. 148]) is respectfully **DENIED**.

Dated: July 8, 2021  s/Donovan W. Frank
　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　United States District Judge